A CERTIFIED TRUE COPY
ATTEST

By Denise Morgan-Stone on Aug 12, 2010

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 12, 2010

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: BRICAN AMERICA LLC EQUIPMENT
LEASE LITIGATION                                                        MDL No. 2183

## TRANSFER ORDER

**Before the entire Panel**: Before the Panel is a motion that encompasses two actions in the Southern District of Florida and one action each in the Central District of California and the District of New Jersey as listed on Schedule A.[1] Plaintiffs in one Southern District of Florida action (*Wigdor*) move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of these actions in the Southern District of Florida.

All moving and responding parties agree upon centralization under Section 1407 but disagree upon the appropriate choice for transferee district. Plaintiffs in the other Southern District of Florida action encompassed by the motion support centralization in the Southern District of Florida. Defendant Brican America LLC and its related entities and owners (collectively Brican)[2] also agree with the motion for centralization in the Southern District of Florida.

Plaintiffs in the Central District of California action support centralization but suggest the Central District of California as the transferee district or excluding the California subclass claims brought under California law from centralized proceedings in any other district. Defendants NCMIC Finance Corp. and PSFS 3 Corp. (collectively NCMIC) support centralization but propose the Northern District of Iowa or the Southern District of Iowa as the transferee district. In the alternative, these defendants ask the Panel to defer its decision until the district courts have ruled upon the pending motions to dismiss.

---

[1] The parties have notified the Panel of a related action pending in the Northern District of Georgia. This action and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Brican America, Inc., Brican Financial Services, LLC, JJR Investments, LLC, Viso Lasik Medspas, LLC, Viso Lasik Medspas of Charlotte, LLC, Viso Lasik Medspas of San Antonio LLC, Jean-Francois Vincens and Jacques Lemacon.

- 2 -

On the basis of the papers filed and hearing session held, we find that these four actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs in the actions seek to represent overlapping putative nationwide classes, and all actions arise from the same equipment leasing scheme and involve similar agreements. Specifically, the putative class actions before the Panel arise from lease agreements for a multi-media patient education system that Brican marketed to medical and dental professionals and for which NCMIC provided financing.

Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification issues; and conserve the resources of the parties, their counsel and the judiciary. Moreover, all moving and responding parties agree upon centralization for the most part. The fact that certain claims in the Central District of California action are brought under California law is not a compelling reason to exclude those claims from centralized proceedings where all claims arise from the same underlying scheme.

We are persuaded that the Southern District of Florida is an appropriate transferee forum for this litigation. The Southern District of Florida has a nexus to the actions given the presence of Brican in that district, and centralization in this district has the support of plaintiffs in both Southern District of Florida actions as well as the Brican defendants. Centralization in this district also permits the Panel to assign the litigation to a judge who is presiding over both Southern District of Florida actions, is an experienced transferee judge who has presided over a multidistrict litigation to its completion and is currently overseeing only one such docket.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of Florida are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Patricia A. Seitz for coordinated or consolidated pretrial proceedings with the actions in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Robert L. Miller, Jr.            Kathryn H. Vratil
David R. Hansen                  W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.            Barbara S. Jones

IN RE: BRICAN AMERICA LLC EQUIPMENT
LEASE LITIGATION                                                                MDL No. 2183

## SCHEDULE A

<u>Central District of California</u>

Vijay Patel, et al. v. NCMIC Finance Corp., et al., C.A. No. 8:10-453

<u>Southern District of Florida</u>

Peter M. Blauzvern DDS PC, et al. v. Brican America, Inc., et al., C.A. No. 1:10-20782
Steven Wigdor O.D., PA, et al. v. NCMIC Finance Corp., et al., C.A. No. 1:10-21608

<u>District of New Jersey</u>

Dr. Frank Derienzo v. Brican America, LLC, et al., C.A. No. 2:10-1173