

FILED by _____ D.C.

FEB 07 2011

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

### BEFORE THE JUDICIAL PANEL ON
### MULTIDISTRICT LITIGATION

**In re Brican America Litigation**          MDL No. 2183

*Vijay Patel, et al. v. NCMIC Finance Corp. et al.,* C.D. California, Case No. SACV10-01493AG(MLGx)

### PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-2)

## I.

## INTRODUCTION

The instant case was improperly removed from California state court at the whim of a single defendant who, through an alter ego, removed the case some six months outside the 30 day time limit. On or about October 4, 2010 Defendant PSFS 3 Corporation ("PSFS 3"), the alter ego of Defendant NCMIC Finance Corporation d/b/a Professional Solutions Financial Services ("PSFS1")[1], the lead financier for the fraudulent scheme at issue in

---

[1] PSFS 1, PSFS 3 and a related defendant NCMIC Finance Corporation of California are collectively referred to herein as "Defendants".

1

**In re Brican America Litigation**             **MDL No. 2183**

this matter, improperly removed the case to the United States District Court for the Central District of California ostensibly on the ground of the Class Action Fairness Act ("CAFA") notwithstanding that from the face of the First Amended Complaint it was clear that CAFA did not apply.

In their Notice of Potential Tag-Along Action, Defendants represented to the Panel that the <u>only</u> material difference between the instant case and *Vijay Patel, et al. v. NCMIC Finance Corp., et al.*, Case No. 8:10-452 (a case commenced in federal court and subject to the Panel's initial transfer order of August 12, 2010 and hereinafter referred to as the "*Patel* Federal Action*"*) was that it only alleges a California putative class action whereas the *Patel* Federal Action is a nation-wide class. Plaintiffs' demonstrated Defendants' misconstrued interpretation or outright misrepresentation of the facts of the two cases. Defendants now oppose the Motion by merely arguing that the facts are close enough. Defendants arguments is wrong as detailed below.

## II.

## ARGUMENT AND AUTHORITY

**A.**     **The Policies of MDL Litigation Are Not Served in this Case.**

Defendants argue only the generalities of the benefits that an MDL

**In re Brican America Litigation**                                        **MDL No. 2183**

proceeding can have; however, they ignore the actual reality of the present Brican MDL. Implicit in the term "multidistrict litigation" is the existence of litigation from multiple districts around the country. With multiple litigation in various districts comes attorneys and parties who are not residents of the state in which the transferee court sits. Presumably, when a district court is assigned an MDL action, arrangements will be made to accommodate non-resident attorneys without forcing those attorneys to incur substantial costs of having to personally appear in a distant transferee court to protect their clients' interests. Indeed, in touting the benefits of MDL proceedings, *In re Transocean Tender Offer Securities Litigation*, 415 F.Supp. 382 (J.P.M.L. 1976) (a case relied upon by Defendants) emphasized the transferee court's broad discretion to create a pretrial program which accommodates the unique needs of each party. However, the transferee court in these consolidated proceedings is unwilling and unable to accommodate attorneys appearing from out-of-state.

      While the transferee court allows counsel to call into the courtroom for a hearing, counsel is not allowed to speak. They may only listen. The reason is because multiple speakers by telephone may confuse the court reporter. See supporting affidavit of Jenifer de Vera ("de Vera Aff.") at

3

**In re Brican America Litigation**                    MDL No. 2183

¶¶5-6. If counsel is not permitted to speak on behalf of his client then the call-in cannot be deemed an "appearance". Moreover, not being allowed to speak or participate over court call defeats the purpose of appearing via court call. And while the transferee court will permit video conferencing, it can only accommodate one video conference location. Reservation for the video conference appears to be on a first-come first-served basis rather than on actual necessity. See de Vera Aff. at ¶7. Thus, unless attorneys wishing to appear via video all agree to convene at a single location – which is unlikely or even possible given the different states – those who were not lucky enough to be the first to reserve the video conference are forced to incur travel and attendant costs to appear in person which for some, like Plaintiffs' counsel, is costly and time consuming given the distance.

True, pretrial operation can be streamlined to eliminate the need for most counsel to travel to the transferee district. However, such is not applicable here. First, this case involves unique California claims not present in any other Brican MDL action. Plaintiffs cannot rely on Florida liason or local counsel to sufficiently protect their interests and California claims. To do so runs the risk that liason or local counsel either are not as versed in California law or are advocating for common issues of all of the

**In re Brican America Litigation**                    **MDL No. 2183**

Brican MDL at the expense of Plaintiffs' uniquely California interests.

Second, PSFS 1 and PSFS 3 <u>separately</u> sued the individual Plaintiffs in Iowa state court to enforce the very leases at issue in this case[2]. Again, Plaintiffs cannot rely on liason or local counsel in the Brican MDL to adequately protect their interests when Defendants' separate Iowa litigation has potential implications to the present case. Defendants continue to commence individual actions in Iowa and move their cases forward.

It is obvious these Defendants are capitalizing on the MDL Proceeding, not as means of convenience for pretrial matters, but as a tool to be rid of their obstacles to securing and enforcing judgments in Iowa. While they advocate positions of consolidation out of one side of their mouth they persist in filing separate individual lawsuits and then advancing them against the non-resident defendants in Iowa state court. The motives are transparent- the PSFS Defendants are asking everyone else to do as they say not as they do - all the while advancing their ball further towards the goal of numerous judgments to be entered in each separate Iowa case to be followed by sister state collection efforts.

---

[2]PSFS 1 and PSFS 3 have commenced over 800 individual actions against lessees in Iowa.

5

**In re Brican America Litigation**    MDL No. 2183

### B. State Claims and State Defendants Are Unique to this Action.

Defendants argue that because this case uses some of the same causes of action that they must also have the same facts. Defendants are mistaken. The present action involves inherently state-rooted claims comprising unique and significant issues of fact and law which are not present in the MDL Proceedings because they would apply <u>only</u> to California residents.

Of the case's 17 causes of action, seven are strictly California state law claims <u>not currently asserted in the MDL Proceedings</u>: the ninth cause of action for violations of *Corporations Code*, §§ 25210 and 25501.5 for recision of purchase of security from unlicensed broker dealer; tenth cause of action for violations of *Corporations Code*, §§ 25110, 25130, 25503, 25504 and 25504.1 for sale of non-qualified security; eleventh cause of action for violations of *Corporations Code*, §§ 25401, 25501, 25504.1 for misrepresentations and omissions, material assistance; twelfth cause of action for violations of *Corporations Code*, § 25504 for control person liability; thirteenth cause of action for breach of fiduciary duties; fourteenth cause of action for violation of California Franchise Investment Law (*Corporations Code*, §§ 31000, et seq.); and the fifteenth cause of action for

6

**In re Brican America Litigation**                                    MDL No. 2183

violations of California Seller Assisted Marketing Plan Act (the "SAMPs Act" under *Civil Code*, §§ 1812.205 & 1812.206).

Defendants' reliance on *In Re Checking Account Overdraft Litigation*, 626 F.Supp.2d 1333 (J.P.M.L., 2009), for the proposition that common defendants are not necessary for consolidating actions is misplaced as that is not what *Checking* stood for. There the defendants were a collective of banks being sued for true identical claims involving <u>identical facts regarding how overdraft charges were calculated.  The *Checking* MDL proceeding has historically involved more than 70 different cases.  In the action cited by Defendants, five cases were included within the analysis and in three of those cases, each in different states, the defendant was Wachovia Bank.</u>  *Checking* at 1336.  Unlike *Checking*, the present MDL has only five cases.  <u>Additionally, Plaintiffs are suing on claims unique only to California and involve defendants (Baytree Leasing Company, LLC, De Lage Landen Financial Services, Inc, James D. Briglio, and related solicitor agents)</u> **not** <u>present in any of the actions in the Brican MDL</u>.

Defendants' reliance on *In Re Cygnus Telecommunications Technology, LLC Patent Litigation*, 177 F.Supp.2d 1375 (J.P.M.L. 2001), is equally misplaced.  Although the case generally provides that complete

7

**In re Brican America Litigation**                                    **MDL No. 2183**

conformity of facts is not necessary, the case does analyze to what extent there needs to be some relationship. Here, no other case involves Plaintiffs' uniquely California claims nor certain defendants enumerated above. It should be noted that Briglio and the Solicitor Agents are not only unique to the present action but are also California residents. Transferring this action to the Brican MDL would require Plaintiffs to travel to and rely upon a Florida court to adjudicate pretrial matters involving solely California parties and California issues.

If the court does decide that portions of the present case should be consolidated, the Panel should also exercise its discretion under 28 U.S.C. § 1407(a) to sever the unique claims from the MDL Proceedings.

### C.   Transfer Will <u>Not</u> Promote Justice and Efficiency.

Defendants speciously claim that transfer will promote justice and efficiency, and allow Plaintiffs to save costs. This is a gross mischaracterization. While Defendants have Florida counsel (the lawfirm of Levey, Filler, Rodriguez, Kelso & Debianchi, LLP), Plaintiffs' counsel must travel from California to Florida for every pre-trial hearing and discovery matter because the transferee court is incapable and unwilling to accommodate out-of-state counsel. Plaintiffs cannot "save costs" if their

**In re Brican America Litigation**                                     **MDL No. 2183**

attorney must purchase a cross-country round-trip plane ticket, incur attendant costs related to local travel, food, potential lodging and the loss of time associated with traveling that great of a distance. Plaintiffs personally will find themselves in a similar situation if they desire to attend the hearings as is their right. Because Plaintiffs have unique claims involving California securities law not present in any other action currently part of the MDL action, their counsel cannot rely on local counsel or counsel representing other plaintiffs in the MDL Action to sufficiently represent Plaintiffs' interests in the transferee court in his stead. Additional costs with ensuring California law is appropriately applied in Florida for unique issues relevant only to this case will imposes more costs not less costs.

## III.

## CONCLUSION

Plaintiffs respectfully request that the Conditional Transfer Order (CTO-2) be vacated because (1) this case involves significantly unique issues of fact and law not present in the MDL Proceedings, (2) transfer will not convenience the parties and witnesses nor promote just and efficient conduct of the case particularly when the transferee court is unwilling and incapable of accommodating non-resident counsel, and (3) the Defendants

9

**In re Brican America Litigation**                              MDL No. 2183

ought to be asked if they are so interested in efficiency why they do not stipulate and agree to stay each of the 800+ Iowa actions while they work out an efficient plan. Alternatively, if the court does decide that portions of the present case should be consolidated, the Panel should also exercise its discretion under 28 U.S.C. § 1407(a) to sever the unique California claims from the MDL Proceedings. Plaintiffs submit that so long as Defendants are litigating in Iowa state court these Plaintiffs ought to be left alone to litigate in California state court. Either all stop and consolidate or none should stop. This MDL should not allow itself to be used as an instrument to accomplish what Defendants have succeeded in thus far- that is delay of the claims of the purchasers of these securities (lessees) while they power on to a judgment in Iowa.

Dated this 3rd day of December, 2010.

/s/ Kenneth J. Catanzarite
Kenneth J. Catanzarite
California Bar No. 113750
CATANZARITE LAW CORPORATION
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544
Fax: (714) 520-0680
kcatanzarite@catanzarite.com

10

**In re Brican America Litigation**                    **MDL No. 2183**

and

Robert S. Green
California Bar No. 136183
GREEN WELLING, P.C.
595 Market Street, Suite 2750
San Francisco, California 94105
Tel: (415) 477-6700
Fax: (415) 477-6710
rsg@classcounsel.com

Attorneys for Petitioners Vijay Patel; Reza M. Birjandi; Reza Birjandi, D.D.S., A Professional Dental Corporation; David Browning; Michael W. Wells; Michael W. Wells, D.D.S., Inc.; Eye Center Optometrics, A Professional Corporation; William E. Faulkner; William E. Faulkner, DDS, Inc.; Alfonso D. Gonzalez; Alfonso D. Gonzalez Dental Corporation; Jeffery A. Hall; Jeffery A. Hall, Inc.; Sandhya Hedge, DDS, Inc.; Jose Lomboy; Maricella Murillo; Dennis E. Shamlian; Vallery Sweeny; Vallery Sweeny, D.D.S., A Professional Corporation; J. Foster Weems; J. Foster Weems, D.D.S., Inc.; Paul J. Wesling, O.D.; and Paul J. Wesling, O.D., Inc.

**In re Brican American Litigation**                    **MDL No. 2183**

## PROOF OF SERVICE

STATE OF CALIFORNIA )
COUNTY OF ORANGE   )   ss:

The undersigned certifies and declares as follows:

On December 3, 2010, I electronically filed this document through the CM/ECF system and I served the within **PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-2)** by:

[ ]   (Facsimile Transmission) I caused the above mentioned document to be served by facsimile transmission to the parties at the fax numbers listed on the attached service list.

[X]   (Mail) I placed a true and correct copy thereof in a sealed envelope addressed as set forth on the attached service list and caused such envelope, with first class postage thereon fully prepaid, to be placed in the U.S. Mail at Anaheim, California, and certify that such envelope was placed for collection and mailing following ordinary business practices.

[ ]   (Overnight Delivery) I placed a true and correct copy thereof in a sealed envelope addressed as set forth on the attached service list and caused such envelope to be delivered the next day by overnight courier to the addressee(s) listed on the attached service list.

[ ]   (Personal Service) I placed a true and correct copy thereof in a sealed envelope addressed as set forth on the attached service list and caused such envelope to be delivered by hand as set forth on the attached service list.

//

**In re Brican America Litigation**  MDL No. 2183

[ ]  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed December 3, 2010 at Anaheim, California.

_____
Kenneth S. Catanzarite
California Bar No. 113750
CATANZARITE LAW CORPORATION
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544
Fax: (714) 520-0680
kcatanzarite@catanzarite.com
Counsel for Plaintiffs:
Vijay Patel; Reza M. Birjandi; Reza Birjandi, D.D.S., A Professional Dental Corporation; David Browning; Michael W. Wells; Michael W. Wells, D.D.S., Inc.; Eye Center Optometrics, A Professional Corporation; William E. Faulkner; William E. Faulkner, DDS, Inc.; Alfonso D. Gonzalez; Alfonso D. Gonzalez Dental Corporation; Jeffery A. Hall; Jeffery A. Hall, Inc.; Sandhya Hedge, DDS, Inc.; Dennis E. Shamlian; Vallery Sweeny; Vallery Sweeny, D.D.S., A Professional Corporation; J. Foster Weems; J. Foster Weems, D.D.S., Inc.; and, Paul J. Wesling, O.D., Inc.

**In re Brican America Litigation**          **MDL No. 2183**

## SERVICE LIST

**Court Clerks**
Clerk, Central District of California
411 W. Fourth Street, Room 1053
Santa Ana, CA 92701-4516
Case No. 8:10-01493

Clerk, Southern District of Florida
400 N. Miami Avenue, 8th Floor
Miami, FL 33128
Case Nos.: 1:10-20782 and 1:10-21608 and consolidated Case Nos. CAC/8:10-00453, GAN/1:10-01807, NJ/2:10-01173

Clerk, Northern District of Georgia
Richard B. Russell Federal Building and Courthouse
75 Spring Street, SW
Atlanta, GA 30303-3361

Clerk, Eastern District of Louisiana
500 Poydras Street, Room C-151
New Orleans, LA 70130
Case No. 2:10-01844

**California Litigation:**
Case No. 8:10-cv-01493

**Counsel for Defendants NCMIC Finance Corporation, NCMIC Finance Corporation of California and PSFS 3 Corporation:**
Ryan L. Larsen
Sara Karubian
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Facsimile: (310) 788-4471
ryan.larsen@kattenlaw.com
sara.karubian@kattenlaw.com

//

In re Brican America Litigation                    MDL No. 2183

**Counsel for Defendant DE LAGE LANDEN FINANCIAL SERVICES, INC.**
Lawrence D. Lewis
Nicholas S. Shantar
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
1900 Main Street, Fifth Floor
Irvine, California 92614-7321
Facsimile: (949) 553-8354
llewis@allenmatkins.com
nshantar@allenmatkins.com

C. Lawrence Holmes
Patrick M. Northen
DILWORTH PAXSON LLP
1500 Market Street, Suite 1500E
Philadelphia, PA 19102-2101
lholmes@dilworthlaw.com
pnorthen@dilworthlaw.com

**Defendants:**
Brican America Inc.
c/o Jeff Vincens, Registered Agent
7400 SW 50 Terrace, Suite 205
Miami, FL 33155

Brican America, LLC
c/o Yvette J. Harell, Registered Agent
7400 SW 50 Terrace, Suite 205
Miami, FL 33155

Jean Francois Vincens
7400 SW 50 Terrace, Suite 205
Miami, FL 33155

Jack Lemacon
7400 SW 50 Terrace, Suite 205
Miami, FL 33155

//

In re Brican America Litigation					MDL No. 2183

Viso Lasik Medspas, LLC
c/o Yvette J. Harell, Registered Agent
5301 Blue Lagoon Drive, Suite 520
Miami, Florida 33126

Baytree Leasing Company
c/o National Registered Agents, registered agent
160 Greentree Dr., Ste. 101
Dover, DE 19901

**Florida Litigation:**
Case No. 1:10-21608
Consolidated Case No. 1:10-20782
Consolidated Case No. CAC/8:10-cv-00453
Consolidated Case No. NJ/2:10-01173

**Counsel for Blauzvern Plantiffs:**
Ronald Pendl Gossett
Gossett & Gossett
Building I
4700 Sheridan Street
Hollywood, FL 33021
Facsimile: (954) 983-2850
rongossett@gossettlaw.com

**Counsel for Wigdor Plaintiffs:**
David H. Charlip
Charlip Law Group, LLC
1930 Harrison Street, Ste. 208
Hollywood, FL 33020
Facsimile: (305) 354-9314
dcharlip@charliplawgroup.com

**Counsel for Derienzo Plaintiffs:**
Keith A. McKenna
McKenna McIlwain, LLP
96 Park Street
Montclair, New Jersey 07042
Facsimile: (973) 509-3580
kam@kmckennalaw.com

In re Brican America Litigation                    MDL No. 2183

**Counsel for Defendants Brican America, LLC; JJR Investments, LLC; Jacques Lemacon; Jean Francois Vincens; Viso Lasik Medspas, LLC; Viso Lasik Medspas of Charlotte, LLC; and Viso Lasik Medspas of San Antonio, LLC**
Alan Fine
ALAN S. FINE PA
255 Alhambra Circle, Suite 850
Coral Gables, FL 33134
Facsimile: (305) 424-2401
afine@fine-law.com

**Counsel for Defendants Salvatore DeCanio, Jr. and Lifestyle of Vision, Inc.:**
Jeff Tomberg
Jeff Tomberg, J.D., P.A.
626 SE 4th Street
P.O. Box 1426
Boynton Beach, FL 33425
Facsimile: (561) 734-8971
piatty@yahoo.com

**Counsel for Defendants NCMIC Finance Corporation and PSFS 3 Corporation:**
Catherine M. Rodriguez
Levey Filler Rodriguez Kelso & De Bianchi LLP
1688 Meridian Avenue, Ste. 902
Miami Beach, FL 33139
Facsimile: (305) 672-5007
cmrodriguez@leveyfiller.com

Ryan L. Larsen
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Facsimile: (310) 788-4471
ryan.larsen@kattenlaw.com

//

//

In re Brican America Litigation            MDL No. 2183

**Georgia Litigation:**
Case No. 1:10-01807

**Counsel for Tasman Plantiffs:**
Jeffrey Filipovitz
332B Lockwood Terrace
Decatur, GA 30030
jrfilipovits@gmail.com

Aubrey Thompson Villines, Jr.
2900 Chamblee Tucker Road
Park Ridge 85, Building One
Atlanta, GA 30341
atvill7@msn.com

**Counsel for Defendant NCMIC Finance Corp.:**
Bryan Arthur Powell
Bank of America Plaza, Suite 4100
600 Peachtree Street, NE
Atlanta, GA 30308
lbracken@hunton.com

**Louisiana Litigation:**
Case No. 2:10-01844

**Counsel for Gaubert Plaintiffs:**
Daniel Aubry Ranson
Matthew Paul Weaver
GAUDRY, RANSON, HIGGINS & GREMILLION, LLC
401 Whitney Avenue, Suite 500
Gretna, LA 70056

**Counsel for Defendant NCMIC Financial Corporation:**
Peter J. Butler, Jr.
BREAZEALE, SACHSE & WILSON, LLP
LL&E Tower
909 Poydras Street, Suite 1500
New Orleans, LA 70112
Facsimile: (504) 584-5452
pbj@bswllp.com