UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-md-02183-PAS

IN RE: Brican America LLC Equipment
Lease Litigation
_____/

## ORDER DENYING MOTION FOR CLASS CERTIFICATION; EXTENDING THE APPOINTMENT OF LEAD AND LIAISON COUNSEL AND REQUIRING ATTORNEY MICHAEL GALLAGHER TO SHOW CAUSE

This Multidistrict Litigation involves four putative class actions arising from lease agreements for a multi-media patient education system that Brican entities marketed to medical and dental professionals and for which NCMIC provided financing. The Court previously ordered the Plaintiffs to file a Consolidated Master Complaint (hereinafter the First Amended Common Complaint or "FACC") [DE-54] and set a briefing schedule for class certification. Currently before the Court is Plaintiffs' Motion for Class Certification [DE-226] seeking to certify a Rule 23(b)(2) Injunctive Class under Count One of the FACC and a Rule 23(b)(3) Money Damages Class under Counts Two and Three of the FACC. The Court held two hearings on Plaintiffs' motion. At the March 22, 2012 hearing the parties, at the request of the Court, proposed alternative procedures for accomplishing the goals of class certification without certifying a class at this time. Based on that colloquy, and for the reasons set forth below, the Court will deny Plaintiffs' motion for class certification.

I.   **MOTION FOR CLASS CERTIFICATION**

This case presents an unusual set of circumstances for a class action as a result of the number of Plaintiffs who are presently before the Court in relation to the potential size of the

class. Plaintiffs' Liaison counsel represent that of the approximately 2000[1] potential class members, more than 1200 of them are already participating as named parties in this litigation. The remaining potential class members were described as "fence sitters" (approximately 225) and those wanting "nothing to do with this litigation" (approximately 375).[2] Because so many Plaintiffs were already present here, the Court asked the parties to confer and discuss whether some procedure other than class certification might be better suited to resolving the "jugular" issues in this case. See Order, March 21, 2012 [DE-279]. Plaintiffs proposed staying certification of a class on Counts Two and Three and proceeding only on the certification of a class on the declaratory judgment claim - Count One. Defendants suggested that the Court decline to certify any class and they represented to the Court that they were willing to concede that any ruling on the NCMIC's knowledge of the cancellation clause in the marketing agreements would have a preclusive effect on all possible parties.

After careful consideration of counsels' suggestions, the Court will combine aspects of both proposals in fashioning the procedure for moving forward. The Court agrees with Plaintiffs that the injunctive relief count presents the jugular issue - as a matter of fact and as a matter of law - that applies to all parties. Resolving whether NCMIC had knowledge in 2006 that the Brican business model allowed Lessees to cancel the financing agreements with no further liability could be a case dispositive issue. The Court, however, also agrees with Defendants that the resolution of this issue can be accomplished with all the same benefits of class certification

---

[1] The plaintiffs' Motion indicates that NCMIC entered into 1,672 financing contracts and there are 350-400 financing contracts with Brican Financial Services

[2] These figures leave two hundred or so entities unaccounted for.

without actually certifying a class. Those benefits are attainable, in part, because Counsel for NCMIC agreed that the Defendants will be bound by a ruling on this issue, which will have preclusive effect on all possible parties.

A class action is a procedural device that serves several purposes: it promotes the efficient and economical administration of justice by avoiding duplicate suits; it protects the rights of those who cannot bring individual claims and prevents inconsistent results by allowing the unitary adjudication of all claims. *See* McLaughlin on Class Actions § 1:1 (8th ed.). In many respects, because this case is an MDL proceeding and with so many Plaintiffs actually joined, the purposes of a class action are already served here. Defendants' agreement goes even further and makes explicit what could be deemed implicit. Moreover, the Court had some questions about the appropriateness of the proposed certification. Adopting a procedure that obviates the need to formally evaluate the prerequisites and avoids the possibility of a time consuming and costly appeal of that ruling, promotes efficiency and allows all parties to benefit from a quick determination of the issues through summary judgment or the presently scheduled trial. Accordingly, the Court will deny the motion for class certification at this juncture of the case.

## II.  ORAL MOTION TO CONTINUE AS PLAINTIFFS' LEAD COUNSEL AND DEFENDANTS' LIAISON COUNSEL

The appointments of Catherine Rodriguez as Defendants' Liaison Counsel and Ronald Gossett, Jr. as Plaintiffs' Lead Counsel expired on December 31, 2011. On their oral motion to continue in those positions, and finding both attorneys performance in those positions has been excellent, the Court will grant the request to extend the appointments to December 31, 2012.

### III. SHOW CAUSE ORDER DIRECTED TO MICHAEL F. GALLAGHER

On March 21, 2012, Magistrate Judge Andrea Simonton entered an Order granting Plaintiffs' Motion to Compel Discovery that Defendants had previously withheld. In the Order, Magistrate Judge Simonton found "the lack of candor by [counsel for] NCMIC concerning the completeness of its prior production [ ] disturbing[.]" Order, p. 6 [DE-280]. This Court too was disturbed and independently reviewed the file in question as well as counsel for NCMIC's representations in pleadings and open court concerning the contents of that file. After reviewing these materials and speaking with Magistrate Judge Simonton, the Court informed counsel that the conduct engaged in by counsel for NCMIC was unacceptable, dishonest and so lacking in professionalism that a real question has been raised whether counsel should be permanently barred from appearing before the District Court for the Southern District of Florida. Unfortunately, the attorney responsible for these transgressions, Michael F. Gallagher, and who should have been on the receiving end of the Court's comments, did not attend the hearing. He will, however, appear before this Court at a hearing to be scheduled by the parties for the purposes of showing cause as to why the Court should not revoke his *pro hac vice* admission and permanently bar him from ever appearing before the District Courts of the Southern District of Florida.

Accordingly, it is

ORDERED THAT

(1) Plaintiffs' Motion for Class Certification [DE-226] is DENIED. On or before **April 9, 2012,** the parties shall meet and confer and jointly propose the mechanism for resolving the "jugular" issue identified above, should it require

-4-

something beyond the existing motion for summary judgment.

(2) Counsels' oral motion to continue the appointments of Lead and Liaison counsel are GRANTED. The Court hereby continues the appointment of **Catherine Rodriguez, Esq**. as Liaison Counsel for Defendants and **Ronald P. Gossett, Esq.** as Lead Counsel for the Plaintiffs. Such appointments shall continue until **December 31, 2012**

(3) Counsel for NCMIC, Michael F. Gallagher, shall show cause in writing by **April 2, 2012**, why the Court should not revoke his *pro hac vice* admission and permanently bar him from ever appearing before the District Courts of the Southern District of Florida for his transgressions. The parties shall also confer and contact the undersigned's law clerk, Eliott Hedin, to schedule a show cause hearing. Moreover, on or before **April 2, 2012**, counsel for NCMIC shall file an affidavit with the Court indicating that a copy of this Order and Magistrate Judge Simonton's Order [DE-280] were provided to general counsel for NCMIC or another individual with NCMIC responsible for overseeing outside counsel and that said individual understands the import of both Orders.

DONE AND ORDERED in Miami, Florida, this 28 day of March, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record