UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  10-md-02183-SEITZ/SIMONTON

IN RE: Brican America LLC
Equipment Lease Litigation,

_____/

ORDER RE:
PLAINTIFFS' MOTION FOR SANCTIONS INCLUDING
STRIKING PLEADINGS AGAINST NCMIC FINANCE CORP.,
RELATED TO THE PAPER FILE OF LANETTE HENNINGSEN

This matter is before the Court upon Plaintiffs' Motion for Sanctions (DE # 290) related to the alleged destruction of a paper file of Defendant NCMIC's former employee Lanette Henningsen.  Defendant NCMIC has filed a Response to the Motion, and the Plaintiffs have filed a Reply (DE ## 305, 310).  All motions for sanctions have been referred to the undersigned by the Honorable Patricia A. Seitz, the District Judge assigned to the case (DE # 44).  For the following reasons, the Plaintiffs' Motion is denied.

I.      THE  POSITIONS OF THE PARTIES[1]

In the Motion at bar, the Plaintiffs have requested that the Court impose sanctions against Defendant NCMIC for the alleged spoliation of the Brican vendor file ("Brican file"), which Plaintiffs contend contained evidence relevant to this case.  According to Plaintiffs, the "Brican file" was maintained by one of NCMIC's former employees, Lanette Henningsen.  The Plaintiffs explain that at the deposition of Ms. Henningsen taken in this

_____

[1] The background of this case has been set forth in the undersigned's Order regarding the Plaintiffs' Motion for Sanctions related to NCMIC's Failure to Produce a 30(b)(6) Corporate Representative for Deposition.  The facts are therefore not restated in the instant Order.

matter, she testified that a Brican paper file was kept in her office during her employment with NCMIC, and that the file contained various documents related to Brican.  The Plaintiffs state that after Ms. Henningsen's deposition, the Plaintiffs served a Request for Production of Documents on NCMIC requesting, *inter alia*, that NCMIC produce the vendor files related to Brican which were maintained by Defendants' employees.[2]  The Plaintiffs contend that despite Ms. Henningsen's deposition testimony which established the existence of a Brican paper file, Defendant NCMIC nonetheless responded to the Plaintiffs' Request for Production by indicating that no such documents existed (DE # 305-6).  Thus, the Plaintiffs assert that NCMIC failed to properly preserve and produce the requested Brican file despite Defendant NCMIC's knowledge that such file would likely be relevant to litigation regarding NCMIC's dealings with Brican.

The Plaintiffs assert that the destruction of the file has precluded Plaintiffs from being able to locate and verify the handwritten notes made by Fred Scott, the NCMIC sales representative who Plaintiffs contend authorized Brican to use certain marketing and advertising agreements.  The argument continues that such notes would establish "without question the complicity of NCMIC in the fraud claimed by the Plaintiffs." (DE # 290 at 10).  The Plaintiffs further contend that the destruction of the Brican file was intentional.

---

[2]  Plaintiffs' Request for Production of Documents requested the "contents of the vendor file maintained on Brican" by employees Lanette Henningsen, Jean Thompson and Jo Lynn Quick as that file was identified by Lanette Henningsen in her deposition (DE # 305-5).  The Plaintiffs also requested the contents of the vendor file maintained on Brican America by Fred Scott. *Id.*

The Plaintiffs request that as a sanction for NCMIC's conduct in failing to preserve the file, NCMIC's pleadings be stricken and judgment be entered in favor of the Plaintiffs.  In the alternative, the Plaintiffs request that the Court instruct the trier of fact of the spoliation of evidence by NCMIC and that presumptions as to that evidence may be made against NCMIC (DE # 290 at 10).

In Response, Defendant NCMIC asserts that the Plaintiffs' Motion should be denied because: 1) the Motion was filed in violation of the Court's March 12, 2012 Order which limited the Plaintiffs to filing a Motion that did not exceed forty pages; 2) the Motion is untimely under Local Rule 26.1(h)(1)  because it was filed more than thirty days after the occurrence of the grounds for the motion; 3) the extreme sanctions requested by the Plaintiffs are not warranted as to this issue where NCMIC responded truthfully and accurately to the Plaintiffs' Request for Documents; and, 4) the Plaintiffs have failed to meet their burden of proof that the alleged paper file existed, that NCMIC destroyed any such records in bad faith or that the Plaintiffs have been prejudiced by the destruction of any such file (DE #305).  As to the last contention, the Defendants have filed the Declarations of two of NCMIC's employees, Melissa Knutson and Jo Lynn Quick, as well as a Declaration from NCMIC's president, all of whom deny knowledge of a Brican vendor file akin to the one described by Ms. Henningsen (DE ## 305-1, 305-2, 305-3).

In Reply, the Plaintiffs contend that the Motion did not violate the Court's April 12, 2012 Order as Counsel for the Plaintiffs believed that if the Motion were filed as a Motion for Sanctions, the forty page limitation would not apply.  In addition, the Plaintiffs contend that they were not untimely in filing the Motion, as the Plaintiffs filed the Motion

within days of when the discovery dispute arose.  Further, the Plaintiffs contend that they have satisfied their burden by demonstrating that a Brican vendor file existed, was destroyed by NCMIC, and that NCMIC's destruction of that file evidences circumstantial bad faith.  To support these claims, the Plaintiffs have submitted an email between several of NCMIC's employees which reference a Brican paper file (DE # 310-7), as well as deposition testimony that further makes reference to the existence of a Brican file (DE # 310-10).  Plaintiffs therefore assert that they are entitled to sanctions in the form of striking NCMIC's pleading and an award of fees and costs.

## II.   LEGAL FRAMEWORK

A district court has broad discretion to impose sanctions, derived from the court's inherent power to manage its own affairs and to achieve the orderly and expeditious disposition of cases.  *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005) (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991).  Sanctions for spoliation of the evidence "are intended to prevent unfair prejudice to litigants and to insure the integrity of the discovery process." *Flury*, 427 F.3d at 944.  "Spoliation" is the destruction of evidence or the significant and meaningful alteration of a document or instrument. *Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1308 (11th Cir. 2003).

In a diversity action, federal law governs the imposition of spoliation sanctions. See *Flury*, 427 F.3d at 944 (11th Cir. 2005) ("conclud[ing] that federal law governs the imposition of sanctions for failure to preserve evidence in a diversity suit."). Although federal law governs, "the Court may look to state law for guidance to the extent that it is consistent with federal law." *Wilson v. Wal-Mart Stores, Inc.*, No. 5:07-cv-394-Oc-10GRJ,

2008 WL 4642596, at * 2 (M.D. Fla. Oct. 17, 2008) (footnote omitted).  Florida based federal courts look to Florida law for guidance on when to impose sanctions for spoliation.  *FTC v. Nationwide Connections, Inc*., No. 06-80180-CIV, 2007 WL 4482607, at *1 (S.D. Fla. Dec. 19, 2007) (citation omitted).

Under Florida law, the party seeking sanctions based upon spoliation has the burden of proof and must prove: 1) that the missing evidence existed at one time; 2) that the alleged spoliator had a duty to preserve the evidence; and 3) that the evidence was crucial to the movant being able to prove its prima facie case or defense. *Walter v. Carnival Corp*., Case No. 09-20962-CIV, 2010 WL 2927962, at *2 (S.D. Fla. July 23, 2010) (citing *Floeter v. City of Orlando*, 6:05-cv-400-Orl-22KRS, 2007 WL 486633, at *5 (M.D. Fla. Feb. 9, 2007)). Even if all three elements are met, a party's failure to preserve evidence rises to the level of sanctionable spoliation "only where the absence of that evidence is predicated on bad faith," *Floeter*, 2007 WL 486633, at *5 (citing *Bashir v. Amtrak*, 119 F.3d 929, 931) (11th Cir. 1997)).

III.   ANALYSIS

A.   The Plaintiffs' Order Does Not Violate the Court's March 12, 2012 Order and Is Not Untimely

Before reaching the merits of the Plaintiffs' Motion, the Court will address two arguments raised by NCMIC regarding whether Plaintiffs' Motion should be denied on procedural grounds.  Defendant NCMIC first contends that Plaintiffs' Motion should be denied as it violates the Court's March 12, 2012 Order which granted, in part, Plaintiffs' Motion for Permission to File a Motion and Incorporated Memorandum of Law in Excess of 20 Pages (DE # 271), and instead permitted the Plaintiffs to file a Motion for Sanctions

no greater than forty pages (DE # 274). Attached to the Motion requesting to file a Motion in excess of twenty pages, was a sixty-six (66) page proposed Motion in Limine seeking sanctions for NCMIC's conduct in discovery related to three issues including Plaintiffs' contention that NCMIC failed to preserve and produce a paper file maintained by one of its former employees. The Plaintiffs thereafter filed three separate Motions for Sanctions, including the instant Motion (DE # 290) which totals eighteen pages, one seeking sanctions for violations of NCMIC's 30(b)(6) obligations which totaled forty-three pages (DE # 284), and one seeking sanctions for witness tampering related to the testimony of Fred Scott, which totaled nineteen pages (DE # 308). Defendant NCMIC contends that the instant filing contravenes the Court's Order regarding the number of pages permitted to be filed with regard to the Plaintiffs' sanctions motion. However, the Defendant did not file a Motion to Strike the instant Motion but instead only raised this issue in its Response to this Motion. In addition, the Plaintiffs contend that Judge Seitz indicated at a status conference that if the Motion were filed as a motion for sanctions, rather than a motion in limine, then the motion would not be limited to forty pages. The Plaintiffs thus contend that their conduct has been consistent with Plaintiffs' Counsel's understanding of the Court's instructions on this issue. Based upon Plaintiffs' Counsel's explanation, as well as the a review of the record, the undersigned concludes that the Plaintiffs' Motion is not in violation of this Court's April 12, 2013, Order.

As stated above, NCMIC also contends that the Plaintiffs' Motion for Sanctions is untimely because the deposition of Lanette Henningsen was conducted on January 20, 2012, yet the Plaintiffs did not raise this issue before the Court until March 5, 2012, more than six weeks after the completion of the deposition. NCMIC contends that such delay

violates Local Rule 26.1(h)(1), which requires that all motions related to discovery be filed within thirty (30) days of the occurrence of the grounds for the motion.

In response, the Plaintiffs contend that immediately after Ms. Henningsen's deposition on January 20, 2012, the Plaintiffs served their request to produce the paper files referred to in that deposition.  The Plaintiffs state that on February 21, 2012, NCMIC responded to the Plaintiffs' request by denying the existence of any such paper files. Two days later, the Plaintiffs sent a copy of the proposed motion in limine/motion for sanctions to the Defendant  in accordance with Local Rule 7.1 in order to determine whether the Defendants objected to a motion in excess of twenty pages.  Thus, Plaintiffs contend that any delay in filing the Motion was due to the Parties' attempts to resolve the issue prior to seeking court intervention.

Local Rule 26.1(h)(1) provides,

> (1) Time for Filing. All motions related to discovery, including but not limited to motions to compel discovery and motions for protective order, shall be filed within thirty (30) days of the occurrence of grounds for the motion. Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought.

Although the Rule by its plain language directs that motions related to discovery *shall* be filed within thirty days of the occurrence, and failure to do so may constitute a waiver of the relief sought, the Rule also provides that the presumption of waiver may be overcome upon a showing of reasonable cause for a tardy filing.  Although Local Rule 26.1(h)(1) reflects a policy of promoting the prompt resolution of discovery disputes by requiring the parties to timely bring to the court's attention matters that the parties cannot resolve amongst themselves, *Kendall Lakes Towers Condo. Ass'n, Inc. v. Pacific*

*Ins. Co., Ltd.*, Case No. 10-24310-CIV, 2011 WL 6190160, at *2 (S.D. Fla. Dec. 2, 2011), the Rule does not expressly preclude the imposition of sanctions when there is a failure to file such motion within the specified time period. *Id. Accord, Kabula v. Southern Homes of Homestead VIII, Inc.*, Case No. 08-20685-CIV, 2008 WL 4691983, at *1 (S.D. Fla. Oct. 22, 2008) (noting the permissive nature of Rule 26.1(h)); *Sandalwood Estates Homeowner's Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 09–CV–80787, 2010 WL 411088, at *2 (S.D. Fla. Jan. 29, 2010) (stating Local Rule 26.1(h)(1) is "permissive and affords the Court discretion in whether to consider a late-filed motion.").

In this case, NCMIC has not demonstrated that the Plaintiffs' filing, less than two weeks after the Plaintiffs received Defendant NCMIC's Responses to the Plaintiffs' Request for Production, was actually tardy under the Local Rules.  While the deposition of Ms. Henningsen occurred in late-January, the Plaintiffs filed their Motion on March 5, 2012, after receiving the Defendants' Response to the Plaintiffs' Request for Production on February 21, 2012, and thus filed within thirty days of that occurrence.

Moreover, the Defendants have failed to demonstrate that they have been prejudiced in any way by the Plaintiffs' filing of the Motion less than two months after Ms. Henningsen's deposition. In this regard, the undersigned notes that any purported delay in the Plaintiffs' filing of the Motion was relatively short, particularly given the complex nature of this multi-district litigation action. *See e.g. Chen v. Cayman Arts, Inc.*, Case No. 10-80236-CIV, 2011 WL 2491009, at *2  (S.D. Fla. June 22, 2011) (allowing tardy filing of discovery motion where length of time of delay was *de minimis* where party filed notice five days beyond the thirty day deadline set forth in the Local Rule).  *But see Manno v. Healthcare Revenue Recovery Group*, Case No. 11-61357-CIV, 2012 WL 1409532

*1, (S.D. Fla. April 23, 2012) (denying discovery related motion filed three days after thirty day deadline date set forth in local rules).

Thus, given that the Plaintiffs filed their Motion less than thirty days after receiving Defendant NCMIC's responses to the Plaintiffs' request to produce paper files, the Motion is timely filed.  In alternative, assuming that the Motion should have been filed within thirty days of Ms. Henningsen's deposition, given the permissive nature of the Local Rule, the undersigned concludes that the Plaintiffs have established reasonable cause for the relatively short delay, and the Plaintiffs have therefore not waived the instant discovery dispute.  Accordingly, the Motion is deemed timely filed. The undersigned now turns to the merits of the Motion.

### B.   The Plaintiffs Have Failed to Demonstrate that Sanctions for Alleged Spoliation of Evidence Are Appropriate in This Case

#### 1.   Whether the Missing Brican File Existed at One Time

As stated above, the party seeking sanctions based upon spoliation has the burden of proof and must prove: 1) that the missing evidence existed at one time; 2) that the alleged spoliator had a duty to preserve the evidence; and 3) that the evidence was crucial to the movant being able to prove its prima facie case or defense. The first requirement, that the missing evidence existed at one time, is deeply contested in this action. The Plaintiffs contend that the testimony of Ms. Henningsen establishes that a Brican paper file existed, and was maintained in her office at least until April 7, 2009, the day that she ended her employment with NCMIC.  The Plaintiffs further contend that Ms. Henningsen's testimony establishes that the Brican file contained approximately between 1,000 to 1,500 pages related to NCMIC's dealings with Brican, including lease documents,

printed copies of emails, and some receipts from gifts.  Plaintiffs further note that Ms. Henningsen testified that the file also contained handwritten notes of telephone conversations that Ms. Henningsen and other people had related to the dealings with Brican.

The Plaintiffs further point to the testimony of several other NCMIC employees including Ms. Jean Thompson and Bill Artino, both of whom made reference to the existence of a paper vendor file for Brican, to support their argument; and, further direct the Court to an email exchange between Jo Lynn Quick, Lanette Henningsen and Jean Thompson wherein Ms. Quick is seeking to obtain a copy of the agreement between Brican and the doctor(s) (DE # 310-7).  In response to Ms. Quick's request, Ms. Henningsen inquires whether Jean Thompson has a copy, and it is suggested that Todd Cook may have a copy of the agreement, which Plaintiffs contend demonstrates that paper files related to Brican were maintained in the office.

For its part, Defendant NCMIC does not dispute that Ms. Henningsen testified to the existence of a Brican paper file during her deposition.  The Defendant does, however, contest the veracity of this testimony.  To rebut Ms. Henningsen's statements on this issue, the Defendant offers the Declarations of two NCMIC employees, Melissa Knutson and Jo Lynn Quick.  Melissa A. Knutson, the Equipment Finance Manager-Sale for NCMIC states in her Declaration,"I do not recall seeing the file Henningsen describes, and certainly did not use it to file paper documents concerning Brican." (DE # 305-2).  Similarly, Jo Lynn Quick, a Collection Specialist for NCMIC states in her Declaration, "I am aware of Henningsen's claim that she maintained a paper file of documents related to the Brican America account in her office at NCMIC.  However, I never saw such a file."   In

addition, the Defendant has submitted the declaration of Gregory Cole, President for NCMIC, that states, "I am aware that former employee Lanette Henningsen claims to have had a file with paper copies of emails, gift lists, and possibly handwritten notes in it.  I am not aware of such a file, and no existing or former employees were aware of such a file when I specifically asked them about their recollection of seeing such a file." (DE #305-3 at 2-3).  Thus, whether the Brican Vendor file that Ms. Henningsen described in her deposition existed is clearly in dispute.

Based upon the entirety of the record, and particularly, given Ms. Henningsen's unequivocal testimony on this point, the undersigned concludes that Ms. Henningsen did maintain a paper Brican file in her office while employed at NCMIC.  Indeed, although the Defendants have submitted Declarations from co-workers regarding their recollection as to whether a Brican paper file was maintained by NCMIC, those same co-workers are unable to state to any degree of certainty that Ms. Henningsen did not maintain such a file in her office.  This is so because the Declarations do not state that those workers were aware of what files, if any, Ms. Henningsen kept in her office, and further do not provide a foundation for believing that they would have a basis for such knowledge.  In other words, simply because Ms. Henningsen's co-workers do not recall seeing the described file in her office, does not mean that the file did not exist.  As such, the undersigned credits the undisputed testimony that Ms. Henningsen maintained a Brican paper file in her office.

However, it remains unclear what documents, other than those specifically described by Ms. Henningsen in her deposition, were maintained in that file.  Thus, even though the Plaintiffs have established by a preponderance of the evidence that a Brican

paper file existed in Ms. Henningsen's office, they have failed to demonstrate that any notes handwritten by Mr. Scott were maintained in that file, which, as discussed below, is central to the determination of whether sanctions are warranted in this case.

2.      Whether Defendant NCMIC Had a Duty to Preserve the File

As to the second requirement for establishing a claim of spoliation, it is also disputed whether NCMIC had a duty to preserve any file maintained by Ms. Henningsen in her office upon her separation from NCMIC's employ.  The Plaintiffs assert that NCMIC had an obligation to maintain any files in Ms. Henningsen's office once she was terminated because NCMIC knew, or should have known by that time, that litigation was likely to occur related to NCMIC's transactions with Brican.  The Defendants counter that NCMIC did not have reason to believe that litigation related to Brican would occur prior to Ms. Henningsen's termination, and thus had no obligation to preserve the file, assuming that said file existed.

 It is undisputed that Ms. Henningsen was terminated from NCMIC on April 7, 2009 and thereafter her office was immediately cleaned-out, with her personal items being inventoried and returned to her on April 8, 2009 (DE # 2901-11).  It is also undisputed that on April 14, 2009, Mr. Cole contacted Attorney Michael Verde after receiving a telephone call regarding the Brican account (DE ## 305 at 12, 310 at 9).  According to the testimony of Mr. Cole, it was the telephone call he received in mid-April 2009, which first alerted NCMIC to serious issues related to the Brican account (DE # 305-4 at 136-139).  Finally, there is no dispute that NCMIC initiated a law suit related to Brican on May 4, 2009 (DE # 310 at 8).

Accordingly, the undersigned concludes based on the record before the Court that

12

the file at issue was "destroyed" or "removed" between April 7 and 8, 2009, before NCMIC

likely reasonably contemplated litigation related to Brican on approximately April 13,

2009.  Thus, the Plaintiffs have failed to establish that NCMIC had a duty to preserve the

paper Brican file based upon NCMIC's anticipation of litigation at the time that Ms.

Henningsen was terminated.  The undersigned recognizes that the Plaintiffs also argue

that because one of the current Plaintiffs had contacted NCMIC's counsel regarding

canceling his lease contract, NCMIC should have reasonably anticipated litigation with

one or more of the doctors over the cancellation of the leases prior to Ms. Henningsen's

termination (DE # 310 at 9).  However, such an allegation without more does not provide

sufficient evidence for the undersigned to conclude that NCMIC had a duty to preserve a

paper file in Ms. Henningsen's office on the date she was terminated.  In this regard, the

undersigned finds the evidence fails to establish that NCMIC had reason to know that the

documents maintained in Ms. Henningsen's file that might relate to litigation between

NCMIC and Brican, or that any paperwork she maintained would not simply be duplicative

paper copies of documents already maintained electronically by NCMIC.[3]  Finally, the

Count emphasizes that the burden to establish, by a preponderance of the evidence, the

duty to preserve evidence in this context falls to the Plaintiffs-a burden they simply have

---

[3]  This observation also relates to the requirement that even if the initial
requirements of a spoliation claim are met, "[a] party's failure to preserve evidence"
rises to the level of sanctionable spoliation in this Circuit "only when the absence of that
evidence is predicated on bad faith." *Bashir v. AMTRAK*, 119 F.3d 929, 931 (11th Cir.
1997).  See also *Penalty Kick Mgmt. Ltd. v. Coca Cola Co.*, 318 F.3d 1284, 1294 (11th Cir.
2003) (declining to draw adverse inference from missing label absent indication of bad
faith). Since the evidence fails to establish a duty to preserve evidence, it necessarily
fails to establish bad faith.  Moreover, even if there were a duty to preserve evidence, the
Plaintiffs have failed to establish that the destruction of the file was done in bad faith.
The circumstantial evidence relied upon by Plaintiffs is simply insufficient.

not met.

Moreover, even if the Plaintiffs had established that NCMIC had a duty to preserve the Brican paper file maintained in Ms. Henningsen's office, the Plaintiffs' request for sanctions based upon the destruction of that file, fails on other grounds.

> 3.    Whether the Brican File Allegedly Maintained by Ms. Henningsen Is Crucial to the Plaintiffs' Case

Assuming *arguendo* that the file described by Ms. Henningsen existed and NCMIC had a duty to preserve such a file, the Plaintiffs' Motion fails because the Plaintiffs have not met the third prong of their burden for purposes of imposing spoliation sanctions– that the missing file is crucial to the Plaintiffs being able to prove their case.[4]  The reason for this failure is two-fold.  First, the Plaintiffs have failed to demonstrate that any notes that Mr. Scott may have taken from the telephone conversation at issue were contained in that file.[5]  On the contrary, the Plaintiffs' contention that the Brican file identified by Ms.

---

[4] The Court is aware that the Eleventh Circuit has stated, in a case originating from Alabama, that to establish a claim of spoliation the litigant must establish significant impairment in the ability to prove the litigant's lawsuit. *Green Leaf Nursery v. E.I. Dupont De Nemours and Co.*, 341 F. 3d 1292, 1308 (11th Cir. 2003).  The undersigned concludes that for purposes of the instant Motion, the Plaintiffs have not established that the destruction of the file works to significantly impair their ability to prove their case.

[5] The notes from the telephone conversation relate to alleged discussions that Fred Scott, a NCMIC salesman/business development manager, had with shareholders of Brican (Mr. Vincens and/or Mr. Briscoe) involving NCMIC's support of the Brican return policy for equipment returned by the customer to Brican prior to completion of payment under the lease agreement (DE # 294-6).  The Plaintiffs have cited to such correspondence as demonstrating that NCMIC authorized Brican's use of certain marketing and advertising agreements.  Further, Plaintiffs suggest that Bill Artino, the former vice-president and general manager of equipment finance of NCMIC, received a copy of the letter sent by Fred Scott to Brican related to the return policy, and thus suggest that Mr. Artino authorized Mr. Scott to agree to Brican's use of certain marketing and advertising agreements which included Brican's return policy.

Henningsen contained handwritten notes by Fred Scott which related to a telephone conversation that Mr. Scott had with a Brican executive, is speculative at best.  While it is true that Ms. Henningsen testified at her deposition that the file at issue contained handwritten notes from other people, she never stated, and never was asked, whether Mr. Scott's notes were among those notes.  Further, Mr. Scott testified in his deposition that he did not recall whether he made notes of any telephone conversations that he may have with the Brican executive at issue (DE # 290-2 at 60).  In addition, Mr. Scott testified that if he made notes of a telephone conversation for later reference that he likely kept them in a desk drawer or threw them away (DE # 290-2 at 122).  In other words, there was no evidence or testimony offered by the Plaintiffs to support their assertion that telephone notes from Mr. Scott's telephone conversation at issue were contained in the file that Ms. Henningsen testified that she maintained in her office.  As this is the only piece of missing information that the Plaintiffs contend caused them prejudice, the Plaintiffs have failed to demonstrate that, even assuming that Ms. Henningsen's file was not properly preserved, that they have been prejudiced by the failure of Defendant NCMIC to produce that file.

Moreover, based upon the existing record, Plaintiffs have failed to establish that the handwritten notes, which the Plaintiffs claim Mr. Scott wrote related to his conversation with the owners of Brican, are crucial to the Plaintiffs establishing their prima facie case against NCMIC, even if they were contained in the Brican vendor file.  This is because by all accounts, Mr. Scott emailed a letter to Mr. Briscoe and Mr. Vincens of Brican related to the purported telephone conversation between those parties (DE # 290-2 at 53-56).  In the Motion, the Plaintiffs acknowledge that Mr. Scott admitted that an

15

email written by him indicated that "there was a conversation with either Mr. Vincens, Mr. Briscoe, or both about NCMIC's  supporting Brican America's return guarantee conditions." (DE # 290 at 9).  In addition, Mr. Scott authored a letter following that conversation which represented an understanding that Professional Solutions Financial Services would give Brican a payoff in the event of a cancellation by a Brican customer (DE #290-2 at 59-60). The Plaintiffs have both of these documents in their possession, and thus, the Plaintiffs have failed to explain, let alone establish, that Mr. Scott's handwritten notes would add anything to the Plaintiffs' case on this issue, or why the absence of the handwritten notes would prevent the Plaintiffs from establishing their prima facie case.[6]

The weakness of the Plaintiffs' argument on this point is showcased in the Plaintiffs' Reply to the Motion, wherein the Plaintiffs for the first time address this issue.[7]

---

[6]  The undersigned is aware that NCMIC has taken the position, through the testimony of Mr. Cole, that the letter authored by Mr. Scott does not reflect the existence of a Brican America return policy, but rather reflects an inquiry from Brican America in case Brican ultimately decided to have a return policy (DE # 284 at 15).  However, because Mr. Scott testified in his deposition that he did not recall whether Brican had a return guarantee, despite the existence of an email apparently authored by him to which the letter supporting the Brican return policy was attached, the handwritten notes, seemingly would only be pertinent to either jogging Mr. Scott's memory, attempting to impeach him regarding his testimony that he didn't recall the return policy, or to provide additional details of what Mr. Scott was referring to when he allegedly wrote the letter. However, even if the notes reflected Mr. Scott's thoughts related to the return policy or conversation with Mr. Vincens, it is unclear how those notes would enable the Plaintiffs to establish their prima facie case, beyond what is already in the Plaintiffs' possession. *See e.g., Floeter*, 2007 WL 486633, at *6 (concluding that although deleted emails may have been relevant, the were not crucial to presentation of plaintiff's case.)

[7] The undersigned notes that in the Plaintiffs' Motion for Sanctions, the Plaintiffs failed to provide the proper legal framework for analyzing the instant Motion.  In particular, the Plaintiffs failed to set forth the four factors required for the imposition of sanctions arising from the spoliation of evidence.  Those factors include that the movant establish that the evidence was crucial to the movant being able to prove its prima facie case or defense. Instead, the Plaintiffs only cite to the elements required for establishing bad faith for purposes of spoliation sanctions as set forth by the undersigned in *Socas*

16

In that Reply, the Plaintiffs simply state that without the spoliated evidence, the Plaintiffs must rely on the testimony of Mr. Vincens regarding any permission from NCMIC for Brican to utilize the marketing and advertising agreements (DE # 310 at 10).  However, in that same sentence, the Plaintiffs acknowledge that a "Scott-letter program of support" exists, which, again was drafted by Mr. Scott following his conversation with Mr. Vincens on this issue. Thus, the Plaintiffs have failed to demonstrate that destruction of any hand-written notes that Mr. Scott may have made related to the telephone conversation at issue prevent the Plaintiffs from establishing their prima facie case against NCMIC.[8]

As such the undersigned concludes that the Motion should be denied as the Plaintiffs are unable to satisfy their burden for the imposition of sanctions for spoliation of evidence.[9]

IV. <u>CONCLUSION</u>

Therefore, for the reasons stated above, it is hereby

**ORDERED and ADJUDGED** that Plaintiffs' Motion for Sanctions (DE # 290)

_____

*v. The Northwestern Mut. Life Ins. Co.*, Case No. 07-20336-CIV, 2010 WL 3894142 (S.D. Fla.  Sept. 30, 2010).

[8] Even if the Plaintiffs were able to establish sufficient prejudice to their case to satisfy the third prong of a spoliation claim, the undersigned concludes that the Plaintiffs have failed to establish that the destruction of the Brican file that Ms. Henningsen testified existed, was done in bad faith.

[9] This does not preclude Plaintiffs from presenting arguments to the jury regarding the destruction of this file, but an adverse inference instruction from the Court as a spoliation sanction is not appropriate.  To the extent Plaintiffs seek to strike NCMIC's pleadings as a sanction, the undersigned has entered a Report and Recommendation recommending that this be denied, which was entered in connection with Plaintiffs' Motion for Witness Tampering.  The Report and Recommendation encompassed all bases upon which Plaintiffs sought to strike NCMIC's pleadings including the Motion at issue here.

related to the paper file of Defendant NCMIC's former employee Lanette Henningsen is

**DENIED**.

　　　　**DONE AND ORDERED** in chambers in Miami, Florida on October 1, 2013.


＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
　　All Counsel of Record via CM/ECF