**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  10-md-02183-SEITZ/SIMONTON**

IN RE: Brican America LLC
Equipment Lease Litigation,

_____/

**ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS**
**FOR WITNESS TAMPERING AND REPORT AND RECOMMENDATION**
**RE: PLAINTIFFS' REQUEST FOR  STRIKING OF PLEADINGS FOR**
**DEFENDANTS' DISCOVERY ABUSES**

This matter is before the Court upon Plaintiffs' Motion for Sanctions Including

Striking of Pleadings Against NCMIC (DE # 294) related to alleged witness tampering.

Defendant NCMIC has filed a Response to the Motion, and the Plaintiffs have filed a

Reply (DE ## 308, 311).  In addition, the Plaintiffs have filed a Motion to Strike the

Affidavit, or Portions Thereof Filed by NCMIC in its Response to Plaintiffs' Motion for

Sanctions (Witness Tampering) (DE # 312).  Defendant NCMIC has filed a Response to

that Motion and the Plaintiffs have filed a Reply (DE ## 317, 319).  All motions for

sanctions have been referred to the undersigned by the Honorable Patricia A. Seitz, the

District Judge assigned to the case (DE # 44).  For the following reasons, the Plaintiffs'

Motion for Sanctions for Witness Tampering is denied, and the undersigned

recommends that, to the extent that the Plaintiffs request that the Defendants' pleadings

be stricken for various discovery abuses, the Motion for Sanctions be denied.

I.    **THE  POSITIONS OF THE PARTIES**[1]

In their Motion at bar, the Plaintiffs have requested that the Court impose

---

[1] The background of this case has been set forth in the undersigned's Order regarding the Plaintiffs' Motion for Sanctions related to NCMIC's Failure to Produce a 30(b)(6) Corporate Representative for Deposition. The facts are therefore not restated in the instant Order and Report and Recommendation.

sanctions against Defendant NCMIC for the alleged actions of Greg Cole, president of NCMIC, during the deposition preparation of Fred Scott, a former NCMIC employee (DE # 294).  Specifically, Plaintiffs contend that Mr. Cole might have committed solicitation to commit perjury and witness tampering under Florida law and endeavoring to influence a witness under Federal law by coaching Mr. Scott to untruthfully assert a lack of knowledge as to certain topics during his deposition.  In support of this contention, the Plaintiffs cite to Mr. Scott's deposition testimony wherein, according to Plaintiffs, after identifying the documents that he reviewed in preparation of his deposition, Mr. Scott testified that he did not remember writing certain documents and did not understand other documents that he authored.  To further evidence their contention that Mr. Cole improperly tampered with a witness's testimony, the Plaintiffs point to other alleged improper conduct by Mr. Cole related to the potential testimony of other witness.  The Plaintiffs assert that when Mr. Cole's  witness tampering is combined with NCMIC's other discovery abuses in this litigation, including the failure to produce an adequately prepared 30(b)(6) witness for deposition and the spoliation of a relevant file, sanctions in the form of striking NCMIC's pleadings and entering judgment in favor of Plaintiffs, is warranted.[2]  In the alternative, the Plaintiffs argue that the Court should, at least, impose sanctions against NCMIC, in the form of taxing the costs of preparing and litigating the

---

[2] In addition to the instant Motion for Sanctions for alleged witness tampering, as discussed below, the Plaintiffs have filed two other Motions for Sanctions related to NCMIC's purported failure to produce an adequate 30(b)(6) deponent (DE # 284) and for spoliation of evidence related to the alleged destruction of a paper file (DE # 290).  Those Motions were resolved by way of separate Orders.  The instant Motion, however requests sanctions based upon all of the alleged "discovery abuses, including the separately filed Sanctions Motions.

various sanctions motions against NCMIC.

In Response, Defendant NCMIC asserts that Plaintiffs' Motion should be denied because it is based purely on conjecture and insinuation (DE # 308).  In support of this position, NCMIC asserts that it is wholly appropriate, during the preparation of a witness for testimony, to instruct that witness to tell the truth, not guess at answers, and to state that the witness does not know an answer to the question, if that is the case. NCMIC further contends that it would be illogical for Mr. Scott to perjure himself and thereby expose himself to criminal sanctions when he has not worked for NCMIC for four years and has no stake in the outcome of this litigation.  Similarly, NCMIC contends that it is illogical for NCMIC to encourage Mr. Scott to testify untruthfully that he didn't remember authoring certain documents rather than encouraging him to testify in a way that was helpful to NCMIC.  NCMIC contends that this is particularly so because the day before Mr. Scott's deposition, Mr. Cole testified that he had no doubt that Mr. Scott had, in fact, authored the documents in question.

In addition, Defendant NCMIC has filed the Affidavit of Barbara H. Schreibman, former counsel of record for Brican (DE # 308-1).  In that Affidavit, Ms. Schreibman asserts that she contacted Mr. Scott in 2009, and that he informed her that he had no recollection or knowledge of the Brican account, or his 2006 letter to Brican (DE # 308-1 at 3).[3] In addition, NCMIC asserts that Plaintiffs' Motion is violation of this Court's March 12, 2012 Order which limited the Plaintiff to filing a motion that did not exceed forty (40)

---

[3]  The 2006 letter at issue relates to a purported conversation between Mr. Scott, the NCMIC business development manager for the Brican account, and an owner of Brican related to a return policy for office equipment sold to physicians by Brican, and financed by NCMIC on behalf of the physicians.

pages in length.  Finally, Defendant NCMIC contends that the Motion is untimely as it was filed more than thirty days after the completion Mr. Scott's deposition.

In Reply, the Plaintiffs contend that the Motion did not violate the Court's April 12, 2012 Order as Counsel for the Plaintiffs believed that, if the Motion were filed as a Motion for Sanctions, the forty page limitation would not apply and that they were not untimely in filing the Motion.  The Plaintiffs have also filed a Motion to Strike the Affidavit, or Portions Thereof, Filed by NCMIC in its Response to Plaintiffs' Motion for Sanctions (Witness Tampering) wherein Plaintiffs seek to strike the Affidavit of Barbara Schreibman contending that the Affidavit contains double hearsay (DE # 312).

In Response to that Motion to Strike, NCMIC contends that the Affidavit does not contain hearsay, let alone double hearsay, because the Affidavit is not offered for the truth of the matter asserted, *i.e.,* that Mr. Scott had no recollection of the Brican account. Instead, NCMIC asserts that the Affidavit was offered to demonstrate that Mr. Scott's testimony at his August 17, 2011 deposition in this matter was not recently changed after Mr. Scott's deposition preparation meeting with Mr. Cole, but rather was consistent with prior statements that he had made to Ms. Schreibman related to earlier litigation between NCMIC and Brican.

In Reply to the Motion to Strike, the Plaintiffs assert that although the Court may rely upon affidavits in resolving the instant Motion, the affidavit still should be stricken because, as argued previously, it contains double-hearsay (DE # 319).  The Plaintiffs therefore ask that if the Court consider the Affidavit that the Plaintiffs be permitted to cross-examine Ms. Schreibman via a deposition to challenge the accuracy of certain statements made by Ms. Schreibman in the Affidavit.

4

For the following reasons, the Motion for Sanctions for witness tampering is denied.  In addition, the undersigned recommends that to the extent that the Plaintiffs request sanctions, in the form of having NCMIC's pleadings stricken and judgment being entered on behalf of the Plaintiffs, for various discovery abuses, that the Court deny that request.

II.     **LEGAL FRAMEWORK**

A.     **Court's Inherent Authority**

At the outset, it bears noting that in the instant Motion, the Plaintiffs seek sanctions based upon an alleged violation of Federal and Florida State criminal statutes for soliciting perjury and witness tampering. The Court's authority to issue sanctions based upon this purported conduct is not predicated upon a determination of criminal guilt of violating of these statutes but instead upon the Court's inherent power. Indeed, as the United States Supreme Court has recognized, the authority to sanction parties for bad faith litigation misconduct stems not only from the Federal Rules of Civil Procedure and the United States Code, but also from the Court's inherent power to effectively manage its affairs by punishing and deterring abuses of the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991).  Thus, Courts may exercise their inherent power to impose sanctions in response to abusive litigation practices. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 632, (1962); *see also Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010).  Such inherent power may be appropriately exercised particularly where a party "commits perjury or ... doctors evidence" that "relates to the pivotal or 'linchpin' issue in the case." *Qantum Commc'ns. Corp. v. Star Broad., Inc*., 473 F. Supp. 2d 1249, 1269 (S.D. Fla. 2007) (citing *Vargas v. Peltz*, 901 F. Supp. 1572, 1581-82 (S.D. Fla. 1995)).

However, "[t]he key to unlocking a court's inherent power is a finding of bad faith."

*Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (alteration in original) (citing *Barnes*

*v. Dalton,* 158 F.3d 1212, 1214 (11th Cir. 1998)).

B.      Witness Tampering and Solicitation of Perjury

Title 18 U.S.C.A. § 1512, entitled "Tampering with a witness, victim or an

informant provides, in relevant part,

> § 1512. Tampering with a witness, victim, or an informant
> . . . .
>
> (b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to--
>
> (1) influence, delay, or prevent the testimony of any person in an official proceeding;
>
> (2) cause or induce any person to--
>
> (A) withhold testimony, or withhold a record, document, or other object, from an official proceeding;
> . . . .

18 U.S.C. §1512.[4]  Similarly, Florida Statute § 914.22 entitled "Tampering with or

---

[4]  The Plaintiffs cite to Federal Statute 18 U.S.C.A. § 1503 for their contention that NCMIC corruptly endeavored to influence a witness in federal court (DE # 294 at 2). However, in 1982, Congress enacted the Victim and Witness Protection Act (VWPA), which removed all references to witnesses in § 1503, and enacted § 1512, which specifically addresses improper influencing of witnesses, victims, and informants.   The Court is aware, however, that the 1982 amendment of § 1503 left intact the clause making it a criminal offense to "... corruptly or by threats or force ... influence [ ], obstruct[ ], or impede[ ], or endeavor[ ] to influence, obstruct, or impede, the due administration of justice...."  The Eleventh Circuit has therefore held that § 1512 is not the exclusive vehicle for prosecution for witness tampering but a conviction for witness tampering under § 1503 may still be had pursuant to the specific elements of that section. *U.S. v. Moody*, 977 F. 2d 1420, 1424 (11th Cir. 1992). For purposes of resolving the instant Motion, the analysis does not change whether made under the residual clause of § 1503 or the witness tampering statute of 18 U.S.C. § 1512.

6

harassing a witness, victim, or informant; penalties", provides in relevant part,[5]

> (1) A person who knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, or offers pecuniary benefit or gain to another person, with intent to cause or induce any person to:
>  . . . .
> (f) Testify untruthfully in an official investigation or an official proceeding,
>
> commits the crime of tampering with a witness, victim, or informant.

Fla. Stat. § 914.22 (Westlaw 2008).  Plaintiffs also cite to Florida Statute § 837.02, entitled

"Perjury in official proceedings," which states, ". . . whoever makes a false statement,

which he or she does not believe to be true, under oath in an official proceeding in

regard to any material matter, commits a felony of the third degree. . . ".  Plaintiffs further

cite to § 777.04, entitled, "Attempts, solicitation, and conspiracy," which in relevant part

states:

> (2) A person who solicits another to commit an offense prohibited by law and in the course of such solicitation commands, encourages, hires, or requests another person to engage in specific conduct which would constitute such offense or an attempt to commit such offense commits the offense of criminal solicitation. . .

Fla. Stat. § 777.04 (Westlaw 2008).

For the following reasons, the undersigned concludes that the Plaintiffs have

failed to meet their burden of demonstrating that NCMIC, through Greg Cole, engaged in

witness tampering or solicitation of perjury, in order to warrant the imposition of

---

[5]  As to the allegation that NCMIC tampered with a witness in violation of Florida Law, the Plaintiffs cite to Florida Statue § 918.14 (DE # 294 at 2).  However, Florida Statute § 918.14 was replaced by § 914.22 in 1984, by the Florida Legislature. *See State v. Cohen*, 545 So. 2d 894 (Fla. Dist. Ct. App. 1989) (explaining how statute was amended).

sanctions.[6]

###### III.   ANALYSIS

####### A.   The Plaintiffs' Order Does Not Violate the Court's March 12, 2012 Order and is Timely

Defendant NCMIC first contends that Plaintiffs' Motion should be denied as it violates the Court's March 12, 2012 Order which granted, in part, Plaintiffs' Motion for Permission to File a Motion and Incorporated Memorandum of Law in Excess of 20 Pages (DE # 271), and instead permitted the Plaintiffs to file a Motion for Sanctions no greater than forty pages (DE # 274).  Attached to the Motion requesting to file a Motion in excess of twenty pages was a sixty-six (66) page proposed Motion in Limine seeking

---

[6] The undersigned recognizes that when sanctions are sought based upon the Court's inherent powers, as stated in *Compton v. Alpha Kappa Alpha Sorority, Inc*., Case No. 13-262 (RMC), 2013 WL 1460200, *1 (D.D.C. 2013):

> The evidentiary standard governing use of a court's inherent power varies with the nature of the sanction imposed. So-called "issue-related sanctions"—those that are fundamentally remedial rather than punitive and do not preclude a trial on the merits—require proof by a preponderance of the evidence. Any "fundamentally penal" sanctions—dismissals and default judgments, as well as contempt orders, awards of attorneys' fees, and the imposition of fines"—require proof by clear and convincing evidence. A court may enter the latter form of sanction only if it finds, first, that there is clear and convincing evidence that the fraudulent or bad faith misconduct occurred, and second, that a lesser sanction would not sufficiently punish and deter the abusive conduct while allowing a full and fair trial on the merits provid[ing] a specific reasoned explanation for rejecting lesser sanctions.

*Id.* at 2. The Court therefore applies the preponderance of evidence standard to the allegations of witness tampering so far as the Plaintiffs seek non-dispositive sanctions for the alleged violations, and apply the more exacting clear and convincing standard to the request for dispositive sanctions.

sanctions for NCMIC's conduct in discovery related to three issues. The Plaintiffs thereafter filed three separate Motions for Sanctions, including the instant Motion seeking sanctions for witness tampering related to the testimony of Fred Scott, which totals nineteen pages (DE # 308), one seeking sanctions for the purported destruction of a paper file which totals eighteen pages (DE # 290), and one seeking sanctions for violations of NCMIC's 30(b)(6) obligations which totals forty-three pages (DE # 284). Defendant NCMIC contends that the instant filing contravenes the Court's order regarding the number of pages permitted to be filed with regard to the Plaintiffs' sanctions motion.  However, the Defendant did not file a Motion to Strike the instant Motion, but instead only raised this issue in its Response to this Motion.  In addition, the Plaintiffs contend that Judge Seitz indicated at a status conference that if the Motion were filed as a motion for sanctions, rather than a motion in limine, the motion would not be limited to forty pages.  The Plaintiffs thus contend that their conduct has been consistent with Plaintiffs' Counsel's understanding of the Court's instructions on this issue.  Based upon Plaintiffs' Counsel's explanation, as well as the a review of the record on this issue, the undersigned concludes that the Plaintiffs' Motion does not violate this Court's April 12, 2013, Order.

The Defendant also contends that the instant Motion was untimely pursuant to Local Rule 26.1(h)(1) because it was not filed within thirty days of the occurrence of the grounds which gave rise to the Motion.  Defendant states that the deposition of Fred Scott was taken and completed on August 17, 2011, yet the Plaintiffs did not file a Motion related to that deposition until March 5, 2012, nearly six and one-half months after the deposition.

In response, the Plaintiffs assert that the instant Motion is one for sanctions and not for discovery and thus contend that it is not subject to the thirty day filing requirement under the local rule.  In addition, the Plaintiffs assert that even if the Court views the Motion as one subject to the Local Rule, there is reasonable cause for the tardy filing because since the conclusion of Mr. Scott's deposition, Counsel for the Plaintiffs has worked exclusively on the preparation of the motion for class certification and motion for summary judgment (DE # 311 at 2).

Local Rule 26.1(h)(1) provides:

> (1) Time for Filing. All motions related to discovery, including but not limited to motions to compel discovery and motions for protective order, shall be filed within thirty (30) days of the occurrence of grounds for the motion. Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought.

The Rule by its plain language directs that motions related to *discovery* shall be filed within thirty days of the occurrence, and failure to do so may constitute a waiver of the relief sought.  The Rule provides however that the presumption of waiver may be overcome upon a showing of reasonable cause for a tardy filing.

The Plaintiffs' argument that the instant Motion is not subject to the Local Rule because it is a motion for sanctions and not a discovery-related motion is persuasive. The Plaintiffs have not requested additional discovery related to the alleged conduct of Mr. Cole in improperly influencing Mr. Scott's testimony and the Motion is not predicated on a violation of the discovery rules but rather is based upon Plaintiffs' allegation of witness tampering, an allegation that goes to the administration of justice rather than the rules that regulate discovery.  Thus, the Motion is not untimely pursuant to the Local

Rule and thus, the Motion is timely.[7]

The undersigned now turns to the merits of the Motion.

### B.   The Plaintiffs Have Failed to Demonstrate that Sanctions for Witness Tampering/Soliciting Perjury Are Appropriate in This Case

In the Motion at bar, the Plaintiffs contend that NCMIC president Gregory Cole *may have* committed solicitation to commit perjury and witness tampering when he purportedly advised Mr. Scott that he should testify, untruthfully, that he didn't recall certain matters.  For support of this contention, the Plaintiffs point to, *inter alia*, the following deposition testimony of Fred Scott:

Q:   Has anybody in your meeting and preparation for this deposition today suggested to you that you should answer these questions as "I don't know?"

.  .  . .

A:   I was asked to speak truthfully and briefly.

Q:   And did anybody suggest that you could answer these questions "I don't know?"

A:   (objected to by Attorney for NCMIC)

Q:   Did Mr. Cole tell you that you should testify "I don't know?"

---

[7]  If the Motion were viewed as a discovery-related Motion thereby requiring compliance with the Local Rule, the Plaintiffs have failed to establish reasonable cause for their tardy filing. The Plaintiffs have offered no good reason for the six and one-half month delay after Mr. Scott's deposition in filing a Motion, the subject of which was known to the Plaintiffs upon the conclusion of that deposition.  Nonetheless, the delay in filing does not preclude the instant Motion for sanctions from being considered, even in the absence of reasonable cause,.  However, the undersigned finds, as discussed below, that the delay in filing does undermine the Plaintiffs' substantive argument that witness tampering occurred.

A:      I was told that it's okay if I don't remember.

Q:      Who told you that?

A:      Greg Cole.

Q:      When you went through this letter in your meeting, did Mr. Cole tell you it
        was okay to answer "I don't know" to whether or not you were the author
        of this letter?

. . . .

A.      Yes.

(DE # 294-1 at 25).  Such testimony, however, even if true, fails to establish by a
preponderance of evidence that Mr. Cole solicited or suborned perjury or otherwise
tampered with Mr. Scott's testimony.

Under Florida law, the crime of criminal solicitation is statutorily defined as "[a]
person who solicits another to commit an offense prohibited by law and in the course of
such solicitation commands, encourages, hires, or requests another person to engage in
specific conduct which would constitute such offense or an attempt to commit such
offense...." Fla. Stat. § 777.04(2). Thus, the elements of criminal solicitation are (1)
commanding, hiring, requesting, or encouraging another person to commit a crime, and
(2) the *intent* that the other person commit the crime. *The Florida Bar v. Marable*, 645
So.2d 438, 442 (Fla. 1994).  In *Marable*, 645 So. 2d, at 442, the Supreme Court of Florida,
in affirming a referee's determination in a disciplinary proceeding that an attorney had
not engaged in solicitation of burglary, stated:

> [The Attorney's] comment can be construed as an
> encouragement or request, but the proof of his intent
> requires something more. In some cases the actual words of

> request or the circumstances of the solicitation itself may be sufficient information from which to infer intent.  However, the proof of intent here depends upon additional circumstantial evidence. Circumstantial evidence is often used to prove intent and is often the only available evidence of a person's mental state. However, in order to be legally sufficient evidence of guilt, circumstantial evidence must be inconsistent with any reasonable hypothesis of innocence.

*Id.* at 442-43.  Similarly, in this case, the statements allegedly made by Mr. Cole, do not, in and of themselves, establish that he intended for Mr. Scott to testify untruthfully about what he remembered related to NCMIC's dealings with Brican.  Even the Plaintiffs in their Motion concede that there is "absolutely nothing improper about telling a witness to tell the truth, even if that means the witness must say he does not know the answer to a question." (DE # 294 at 8).

Thus, the statements made in this case are materially different than those made in *U.S. v. Jones,* 466 So.2d 293 (Fla. Dist. Ct. App. 1985), which the Plaintiffs cite in support of their request for sanctions.  In *Jones,* the record demonstrated that after a witness told a defendant that his bank records had been subpoenaed and that the witness was likely to be served with a subpoena to testify under a grant of immunity, the defendant stated "Well, then you have to always say something. That's always the answer from what I've been told. Just don't remember. Don't remember. There's nothing wrong with amnesia."  Not surprisingly, the reviewing Court, in that case, determined that the record supported a criminal conviction by the jury for solicitation to commit perjury.  In contrast, in this case, the only evidence presented was that after being advised that he should speak truthfully and briefly, Mr. Cole advised Mr. Scott that it was okay if Mr. Scott didn't remember and it was okay to answer he didn't know if he authored a

particular letter that he reviewed in preparation of his deposition.  Without more, there is insufficient evidence to conclude that Mr. Cole's statement to Mr. Scott was done with the intent to induce, persuade, and instigate the witness to commit the crime of perjury.

In addition, there is no evidence that Mr. Scott's testimony was untruthful. Although the Court acknowledges that in order to prove solicitation of perjury, a litigant need not demonstrate that perjury actually occurred, *see Jones v. State*, 466 So. 2d at 294, given the Plaintiffs' failure to establish Mr. Cole's intent regarding the statements he made to Mr. Scott, absent evidence that Mr. Scott's testimony, was, in fact false, there is not enough circumstantial evidence presented under these facts to conclude that Mr. Cole engaged in suborning or soliciting perjury.  *See Sithon Maritime Co. v. Holiday Mansion*, Case Bi, Civ. A. 96-2262-EE,1998 WL 638372, *4 (D. Kan. Sept. 14, 1998) (refusing to impose sanctions based upon alleged coached and perjured testimony where such allegations were based speculation and conjecture).  The Plaintiffs' belief that Mr. Scott was not being truthful in his testimony is not enough but must be supported by evidence in the record, something that is not present in this case.

Similarly, under Federal Law, to obtain a conviction for witness tampering in violation of 18 U.S.C. § 1512(b)(2)(A) & (b)(3), it must be proven that the person (1) knowingly corruptly persuaded the witness (2) with the intent to induce the witness to "withhold testimony," from an official proceeding. 18 U.S.C. § 1512. Substantially the same elements must be established to prove witness tampering under Florida law. See Fla. Stat. § 914.22 (Westlaw 2008).  In most cases, witness tampering is established by the testimony of an individual who has actually been threatened, intimidated, or bribed by an accused. *Gill v. State*, 622 So. 2d 92, 94 (Fla. Dist. Ct. App. July 23, 1993).

In *Quiroz v. Superior Building Maintenance, Inc.*, Case No. 06-21594-CIV, 2008 WL 3540599, *1 (S.D. Fla. Aug. 12, 2008), for example, in support of the Defendant's Motion to Dismiss for Witness Tampering, the Defendant submitted the affidavit of a co-worker of Plaintiff Quiroz who swore that Mr. Quiroz had contacted him, asked him to testify on his behalf, and offered to pay the co-worker and his wife $1,000.00 for favorable testimony. *See Quiroz v. Superior Bldg., et al*, Case No. 06-21594-CIV (S.D. Fla. 2006) ( DE # 37-1). Thus, the Court found that sufficient evidence was submitted to conclude that the Plaintiff had attempted to tamper with a witness.  *Accord Smart v. city of Miami Beach, Florida*, Case No. 10-21667-Civ., 2013 WL 1223588, * 11-12 (S.D. Fla. March 26, 2013) (finding sufficient evidence of attempted witness tampering where record established that plaintiff firefighter had mother make telephone calls to witness to instruct witness to testify untruthfully that their conversations only related to training and rather than plaintiff's attempt to influence other witnesses).

In this case, the Plaintiffs have offered no such evidence of witness tampering, but instead have solely relied upon the responses given by Fred Scott at his deposition, as set forth previously.  In this regard, the undersigned notes that the Plaintiffs failed to include the question and answer from Mr. Scott's deposition immediately following the cited testimony, wherein the following exchange occurred:

> Q.    Did Mr. Cole tell you it was okay to testify that you did not understand the letter that you wrote?
>
> A.    No.

(DE # 294-1 at 25).  This exchange is significant because although Mr. Scott did, in fact, testify that he didn't remember whether he was the author of the letter at issue, he also

testified that he did not understand the letter that he purportedly authored, despite his testimony that Mr. Cole did not tell him that it was "okay" to testify in that manner.  Thus, rather than concluding that Mr. Scott, who has a Masters Degree in Business Administration from the University of Denver and stopped working at NCMIC in 2007, testified untruthfully at his August 17, 2011 deposition based on Greg Cole's coaching, it is just as likely that Mr. Scott answered the deposition questions in a manner he determined on his own.  Indeed, Mr. Scot testified consistently throughout his deposition that he did not recall numerous things, including many things that arguably had nothing to do with establishing NCMIC's liability.  By way of example, Mr. Scott testified that he did not recall filling out an application of employment for NCMIC (DE # 294-1 at 5) or when he left the employ of NCMIC (DE # 294-1 at 6).  He also testified while he worked for IKON prior to working for NCMIC he didn't recall if IKON had its own credit facility or if he placed leases for his customers with somebody other than IKON Financial (DE # 294-1 at 5), did not recall whether he was trained at IKON by anybody about presenting lease terms to customers or having to communicate with anyone at IKON Financial to answer customer's lease questions (DE # 294-1 at 5), or whether he filled in the monthly payment amount on the paperwork for the customers at IKON.[8]  Mr. Scott also did not recall writing a summary of his work prior to being issued a performance review while at NCMIC (DE # 294-1 at 32), was unsure whether he lived in Des Moines in 2006 (DE # 294-1 at 35), and could not recall if he had ever sold someone a copier or  piece of office equipment that they sought to return (DE # 294-1 at 33).

---

[8] Although not specifically testified to in his deposition, it appears that Mr. Scott worked for IKON for approximately two years beginning in 2003, just prior to working for NCMIC (DE # 294-1 at 16).

Further, unlike in *Quiroz*, the Plaintiffs have not suggested that Mr. Scott was offered anything in exchange for his testimony, or had any motive arising from his interaction with Mr. Cole to alter his testimony in a manner favorable to NCMIC.  Thus, the record fails to demonstrate that Mr. Scott was "coached" by Mr. Cole to feign a lack of memory on certain issues.  Simply put, there is insufficient evidence in the record to conclude that Mr. Cole tampered with Mr. Scott prior to his deposition in this case. *See e.g. Moore v. R.T.L. Construction, Inc.*, 2011 WL 4729861, *2  (D. Minn. Oct. 6, 2011) (affirming Magistrate Judge's decision that, despite Court's concerns about certain possible retaliatory actions taken by defendant related to a witness' eligibility for unemployment presumably designed to influence the witness, insufficient evidence existed in record to establish that defendant took such actions for purposes of intimidating witness and therefore witness tampering sanctions not appropriate).

On the contrary, according to the Affidavit of Barbara Schreibman, former counsel for Brican, which was submitted by NCMIC, Ms. Schreibman contacted Mr. Scott in October of 2009 regarding potential information Mr. Scott had related to dealings between Brican and NCMIC (DE # 308-1).  Specifically, Ms. Schreibman states that Mr. Scott informed her that he had "no recollection or knowledge whatsoever of the Brican account, the Advertising Agreement Addendum or his 2006 letter to Brican." (DE # 308-1). NCMIC contends that Ms. Schreibman's Affidavit therefore demonstrates that Mr. Scott did not alter his deposition testimony after meeting with Mr. Cole, but rather made statements at that deposition that were consistent with statements he made previously

to Ms. Schreibman.[9]  Ms. Schreibman's Affidavit confirms that Mr. Scott made similar statements regarding his lack of recollection as to Brican matters well before he met with Mr. Scott in preparation for the deposition taken in this action. As such, the Affidavit further supports the conclusion that Mr. Cole did not tamper with the witness.[10]

Finally, Mr. Scott testified that the only thing that he did in preparation for his deposition was to meet with the attorneys and Greg Cole for approximately an hour (DE # 294-1 at 7). Thus, it appears that any "coaching" that Mr. Cole allegedly engaged in would have occurred in the presence of NCMIC Counsel.  If the Plaintiffs had sincerely believed that such improprieties had been witnessed and, in essence, condoned by NCMIC counsel, then Counsel for the Plaintiffs was obligated to, under the Florida Rules

_____

[9] The Plaintiffs have filed a Motion seeking to strike Ms. Schreibman's Affidavit contending that the Affidavit contains double hearsay, in that Ms. Schreibman states what Fred Scott purportedly told her related to his recollection of the Brican matter (DE # 312).  However, the Plaintiffs concede in their Reply to that Motion, that Rule 43(c) of the Federal Rules of Civil Procedure permits a court to hear matters upon affidavit where a motion relies on facts outside of the record (DE # 319 at 2).  The Plaintiffs' Motion for Sanctions at bar is entirely predicated upon testimony given by Mr. Scott at his deposition and thus the Court may consider the Affidavit filed in response.  In addition, the Affidavit is based upon Ms. Schreibman's personal knowledge, *i.e.*, her knowledge of what Mr. Scott said to her, and is offered, not for "the truth of the matter asserted *in that* statement" *i.e.*, whether Mr. Scott had forgotten about the Brican matter.  The Affidavit is instead offered to rebut the allegation that Mr. Scott altered his testimony after meeting with Mr. Cole and thus is not hearsay. *See* Fed. R. Civ. P. 801(c)(2). Thus, Plaintiffs' Motion seeking to strike to Affidavit is denied.  In addition, it is worth noting that even if Ms. Schreibman's Affidavit were stricken, the undersigned's conclusion regarding the merits of the Motion for Sanctions would not be altered as the Plaintiffs have failed to meet their burden of establishing by a preponderance of the evidence that Mr. Cole suborned or solicited perjury or tampered with a witness under the facts of this case.

[10] The undersigned is aware that the Plaintiffs have challenged the veracity of Ms. Schreibman's statements and request that they be permitted to depose Ms. Schreibman on this issue.  However, as stated in the previous footnote, even if the Court were not to consider the Affidavit, the Court's conclusions regarding the merits of the Plaintiffs' Motion would remain the same. Moreover, nothing has prevented Plaintiff from deposing Ms. Schreibman, and they have had ample time to do so.

of Professional Conduct to report such conduct.[11]  The undersigned notes in this regard that during Mr. Scott's deposition, Counsel for the Plaintiffs never asked about the circumstances surrounding Mr. Cole's "coaching" of Mr. Scott and never followed up with any questions once Mr. Scott testified that Mr. Cole had not advised him that it was okay to say that he did not understand the contents of a letter that Mr. Scott purportedly authored. Thus, this Court is not convinced, notwithstanding the seriousness nature of the allegations now levied by the Plaintiffs, that even the Plaintiffs believed that Mr. Scott's deposition testimony standing alone was sufficient to establish witness tampering or solicitation of perjury. This conclusion is bolstered by the fact that the Plaintiffs did not raise this issue to the Court until six and one-half months after Mr. Scott's deposition, even though all of the evidence upon which Plaintiffs base the current motion was known to Plaintiffs by the conclusion of Mr. Scott's deposition.

Accordingly, based upon the record before the court, and the facts of this case, the undersigned concludes that the Plaintiffs have failed to establish that Mr. Cole engaged in witness tampering and/or solicited perjury from Mr. Scott at his deposition. As such, the Plaintiffs' request for the imposition of sanctions on this ground is denied.

### IV.    THE PLAINTIFFS' REQUEST FOR STRIKING NCMIC's PLEADINGS AS A SANCTION FOR MULTIPLE DISCOVERY ABUSES

As stated above, the Plaintiffs contend that NCMIC's conduct in this case warrants the imposition of dispositive sanctions. In support of this contention, in

---

[11] Rule 4-8.3 of the Florida Rules of Professional Conduct provides (a) Reporting Misconduct of Other Lawyers.  A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects shall inform the appropriate professional authority.

addition to filing the instant Motion for Sanctions for alleged witness tampering, the Plaintiffs have also filed two other Motions for Sanctions related to NCMIC's purported failure to produce an adequate 30(b)(6) deponent (DE # 284) and for spoliation of evidence related to the alleged destruction of a paper file (DE # 290).[12]  In addition, the instant Motion refers to other improper actions purportedly taken by Mr. Cole related to this litigation to buttress the Plaintiffs' contention that NCMIC has engaged in a pattern of discovery abuses (DE # 294 at 8-10).  Specifically, the Plaintiffs contend that Mr. Cole agreed to pay Todd Cook, an employee who was discharged for cause, $146,000 in severance pay in exchange for his cooperation with regard to the Brican matter.  Plaintiffs further point to emails allegedly sent from Mr. Cole to a NCMIC creditor which, according to Plaintiffs, set forth a plan to make NCMIC look less financially healthy than it actually was so that NCMIC would be a less attractive financial target for Plaintiffs' attorneys.  Plaintiffs contend that the cumulative behavior warrants the imposition of sanctions in the form of striking the pleadings of the Defendants NCMIC and PSFS 3 and entering judgment in favor of Plaintiffs.  Plaintiffs contend that the only such severe sanctions will act as a punishment and a deterrent to NCMIC.

As stated above, a court may impose sanctions for litigation misconduct under its inherent power which derives from the court's need "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."  This power, however, "must be exercised with restraint and discretion."  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980).  Therefore, generally, the severe sanction of a dismissal or default judgment

---

[12] Those Motions are resolved by way of separate order but are referred to herein to the extent they are relied upon by the Plaintiffs to support their request for dispositive sanctions.

is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders. *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1306 (11th Cir. 2006) (internal citation and quotation omitted). When exercising its inherent power, the court must comply with due process in determining bad faith and affixing sanctions. *Chambers*, 501 U.S. at 50. The sanction of dismissal requires the clear and convincing evidence that a litigant engaged in bad-faith discovery abuses. *Shepherd v. American Broadcasting Companies*, 62 F.3d 1469, 1472–73 (D.C. Cir. 1995); *Qantum Commc'ns. Corp. v. Star Broad, Inc.*, 473 F. Supp. 2d 1249, 1277 (S.D. Fla. 2007) (finding by clear and convincing evidence that litigant engaged in abusive conduct and that no sanction less than default judgment and fees would sufficiently deter and punish improper conduct).

In *Quiroz,* for example, the Court determined that the combination of Plaintiff Quiroz's attempt to tamper with witnesses by providing them a portion of his court award in exchange of favorable testimony, his perjured affidavit and his dishonest testimony at the evidentiary hearing clearly and convincingly established his bad faith litigation conduct which warranted the imposition of dispositive sanctions in the form of dismissal of his action.

In this case, under the totality of the facts, the undersigned concludes that the imposition of sanctions in the form of striking Defendant NCMIC's pleadings, is not warranted. Indeed, although Plaintiffs filed three separate Motions for Sanctions, two of the three, including the Motion for destruction of evidence and the instant Motion for witness tampering were denied. The Motion for Sanctions related to the failure to produce an adequate 30(b)(6) was only granted, in part, with the Plaintiffs being

permitted to conduct a follow up deposition.  To the extent that the Plaintiffs have referred to other acts by Mr. Cole in support of their request, the undersigned has not considered those accusations, as they have not been presented to the Court for purposes of requesting relief as to those specific acts, but merely are mentioned by the Plaintiffs to demonstrate that "witness tampering becomes the most likely explanation of Mr. Cole's behavior" as that behavior relates to Mr. Cole (DE # 294 at 9).  Thus, the Court makes no findings as the veracity or implication of those accusations.

The undersigned therefore determines that the Plaintiffs have not met their burden of demonstrating that NCMIC engaged in witness tampering or destruction of evidence and thus concludes that any other "discovery abuses" by NCMIC are not significant to warrant the imposition of dispositive sanctions.  Accordingly, the undersigned recommends that, to the extent the Plaintiffs request that the NCMIC's pleadings be stricken and judgment be entered in favor of the Plaintiffs, the Request be denied.

### V.    CONCLUSION

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that the Plaintiffs' Motion for Sanctions Including Striking of Pleadings Against NCMIC (DE # 294) related to alleged witness tampering is **DENIED** with respect to the non-dispositive sanctions sought.  It is further

**ORDERED AND ADJUDGED** that the Motion to Strike the Affidavit, or Portions Thereof Filed by NCMIC in its Response to Plaintiffs' Motion for Sanctions (Witness Tampering) (DE # 312) is **DENIED**.  It is further

**RECOMMENDED** that the Plaintiffs' request for sanctions in the form of striking Defendant NCMIC's pleading for multiple discovery abuses be **DENIED**.

As to this Recommendation, the parties will have fourteen days from the date of service within which to file written objections, if any, for consideration by the Honorable Patricia A. Seitz, United States District Judge.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND ORDERED** in chambers in Miami, Florida on October 1, 2013.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
     All Counsel of Record via CM/ECF